[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR COSTS AND FEES
In this post-trial motion, the plaintiff seeks to recover attorney fees and expenses incurred in prosecuting his successful appeal of a decision of the defendant commissioner of motor vehicles.
The essential procedural facts are undisputed. In January 1990, following an administrative hearing, a hearing officer designated by the commissioner issued a final decision suspending the plaintiff's motor vehicle operator's license until May 1990, at which time the plaintiff would be eligible for reinstatement. The hearing officer also ordered that, as condition of reinstatement, the plaintiff would be required to submit reports of his neurological condition to the commissioner every three months for three years.
The basis of the decision to suspend the plaintiff's license was the undisputed fact that he had suffered three seizures resulting in altered consciousness during the three year period immediately prior to the administrative hearing. These seizures were caused by a neurological condition for which the plaintiff was receiving ongoing medical treatment. Prior to the hearing, the motor vehicle department's medical advisory board had reviewed the plaintiff's record and had recommended that his license be temporarily suspended pending further investigation pursuant to General Statutes 14-46a et seq. However, the investigative and advisory procedures authorized by those statutes had not been fully undertaken and apparently were discontinued when the commissioner held the administrative hearing and suspended the plaintiff's license.
The plaintiff appealed the commissioner's decision to the CT Page 10252 superior court, which dismissed the appeal. The plaintiff thereupon appealed to the Appellate Court. That court likewise dismissed the appeal. See Daly v. DelPonte, 27 Conn. App. 495
(1992). Our Supreme Court granted certification and reversed the lower courts, holding that the commissioner's decision denied the plaintiff equal protection of the law. Specifically, the Supreme Court held that the administrative proceedings were defective in that the commissioner acted without first following "an appropriately structured administrative inquiry into the proper scope of post reinstatement conditions tailored to this plaintiff." The court held that in this case the commissioner was required to have completed the medical examining board process pursuant to General Statutes 14-46a et seq.
General Statutes 4-184a(b) provides that this court "may, in its discretion, award to the prevailing party . . . reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." There is no question that the plaintiff was the "prevailing party" in the administrative appeal. In deciding whether to award fees and expenses pursuant to the statute, therefore, the critical issue is whether the agency action was "undertaken without any substantial justification."
The plaintiff claims that the commissioner's action was "without any substantial justification" as a matter of law because it has been found to have violated the plaintiff's equal protection rights under the state constitution. The plaintiff further argues that the agency decision was not based on narrowly tailored standards as required by the constitution and that the agency failed to follow the proper statutory procedure. The court has carefully considered these arguments and concludes that they do not support an award under 4-184a.
The administrative record in this case, including the preliminary recommendation of the agency's medical advisory board, clearly reveals that the agency's overriding concern in suspending the plaintiff's license and attaching stringent conditions to its reinstatement was that the plaintiff's own safety and that of the public was at risk. Furthermore, there was ample evidence regarding the plaintiff's medical condition and its impairing effect on his ability safely to operate a CT Page 10253 motor vehicle which tended to justify that concern. Daly v. DelPonte, supra, 501-505. Before taking action, the agency held a hearing at which both parties appeared and presented evidence. The commissioner is authorized by statute to hold such hearings and, in the proper exercise of discretion, to suspend licenses and attach reasonable conditions on their reinstatement. See General Statutes 14-111A and Daly v. DelPonte, supra, 511. In summary, the agency action was undertaken with statutory authority, after a hearing, and was based on an appropriate and well substantiated concern for the safety of the plaintiff and the public.
Several superior court decisions on the question of awarding fees and costs under 4-184a have focused on the existence of statutes regulations previous court decisions, and/or agency rulings which should have guided the agency to the correct decision. In this case, however, the Supreme Court noted that a claim of denial of equal protection because of physical disability under Conn. Const., amend. XXI, which was the ultimate basis of the plaintiff's prevailing in the case, had not previously been the subject of judicial scrutiny. Daly v. DelPonte, supra, 512. This is not a case, therefore where the agency ignored an obvious or previously well defined constitutional right.
Based on the considerations set forth above, this court cannot find that the commissioner or his agency acted "without any substantial justification" in issuing the administrative decision in question. The court declines, therefore, to award costs and fees as provided in 4-184(a).
The plaintiff's motion is denied.
MALONEY, J.